P. Kristofer Strojnik, State Bar No. 242728
pstrojnik@strojniklaw.com
**THE STROJNIK FIRM LLC**
**A LIMITED LIABILITY COMPANY**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602.510.9409 (tel.)

Attorneys for Plaintiff THERESA BROOKE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>SOMEO PROPERTIES LLC, a California limited liability company dba Blue Sail Inn,<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR DAMAGES, DECLARLATORY RELIEF AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT AND UNRUH CIVIL RIGHTS ACT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Theresa Marie Brooke alleges:

### PARTIES

1. Plaintiff Theresa Brooke is a married woman currently residing in Pinal County, Arizona and has an office in San Jose, California for purposes of ADA-related testing and business. Plaintiff is and, at all times relevant hereto, has been legally disabled, confined to a wheel chair, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, Someo Properties LLC, owns and/or operates and does business as the hotel, Blue Sail Inn located at 851 Market Avenue in Morro Bay,

California. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was renovated after March 15, 2012.

### SUMMARY OF ALLEGATIONS

3.  Plaintiff Theresa Brooke brings this action against Defendant, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., (the "ADA") and its implementing regulations and the California Unruh Civil Rights Act ("Unruh"), California Civil Code §§51, 52. Specifically, Plaintiff brings this action because Defendant's hotel does not provide comparable accessible room-type choices for disabled persons in violation of Section 9.1.4 of the 1991 Standards and/or Section 224.5 of the 2010 Standards.

### JURISDICTION

4.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188. The Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

5.  Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

6.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### ALLEGATIONS

7.  Plaintiff formerly worked in the hospitality industry and her husband works in the travel industry. She and her husband are avid travelers to California for purposes of leisure travel, court-related hearings, conferences and inspections, and to "test" whether various hotels across the Country comply with disability access laws. She has been to California countless times over the past few years for purposes of checking ADA compliance, leisure travel, and court-related conferences.

8. Because Plaintiff relies on a wheelchair for locomotion, she requires the use of lodging rooms that are accessible to her and that have the standard accessibility features such as roll-in showers, adequate spacing at doorways and between furniture and beds, and other commonly-accepted accessibility features. Plaintiff also seeks equality in the selection of the same type of lodging rooms that are available to able-bodied persons.

9. Earlier this month, Plaintiff and her husband took a trip to the Bay Area for purposes of visiting her San Jose office and to engage in ADA testing at various hotels across the Bay Area. She anticipates re-visiting the Bay Area multiple times over the next year for purposes of further ADA testing, leisure travel and attending Court-related conferences, hearings and the like.

10. During Plaintiff's trip, she visited Defendant's hotel. While at Defendant's hotel but prior to entering the hotel, she went online to Defendant's website assess the accessibility of the hotel, including what room-types are offered at the hotel and to get a better rate than what is offered in person versus online. While online, Plaintiff sought to rent the Suite or a standard King room offered at the hotel. After reviewing the site, although these rooms are offered to able-bodied persons, they are not offered with accessibility features. The sole room offered at the hotel with any accessibility features is the one Queen-bed standard room. The King-bed standard room is not comparable to the Queen-bed standard room because the King room is larger and offers a larger bed. Additionally, the Suite is not comparable to the Queen-bed standard room because the Suite offers more luxurious amenities, differs in cost, and offers more living space. Deterred at the lack of equality, Plaintiff did not book a room.

11. Plaintiff obtained secondhand knowledge of a physical barrier located at Defendant's hotel via Defendant's own website. This is not a website accessibility case; she does not claim that the website itself is not accessible. Rather, she alleges that Defendant's hotel has a physical barrier (incomparable accessible rooms) that she discovered via Defendant's own site.

12. Plaintiff is deterred from visiting Defendant's hotel in the future until and unless Defendant remedies the barrier referenced above. Plaintiff will visit Defendant's hotel during one of the several anticipated trips she has to the Bay Area in the coming year, but only if Defendant decides to remedy the barrier.

13. Both the 1991 Standards of Accessible Design and the 2010 Standards of Accessible Design have room dispersion requirements.

14. Section 9.1.4 of the 1991 Standards requires "equivalent" room-type choices that are accessible. "Factors to be considered include room size, cost, amenities provided, and the number of beds provided."

15. Section 224.5 of the 2010 Standards require that hotels "shall provide choices of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests." Similar "factors" in ascertaining comparability are listed in Section 224.5 as in Section 9.1.4 of the 1991 Standards, including room size, bed size, cost, view and bathroom fixtures.

16. Irrespective of whether the 1991 Standards or 2010 Standards apply here, Defendant violates both. Defendant does not provide comparable or equivalent room-type choices as described above.

17. Defendant also violates the ADA per se with its refusal to provide certain rooms to disabled persons, but making such rooms available to able-bodied persons. This is the type of discrimination and lack of equality the ADA was intended to eradicate.

18. It is readily achievable to alter the hotel to provide comparable or equivalent room-type choices that are accessible at the hotel.

19. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

20. Other potential violations and barriers to entry at Defendant's hotel may be discovered during this litigation. It is Plaintiff's intention to cure all ADA violations at this hotel, so as to avoid piecemeal litigation, and she will amend this Complaint

pursuant to *Doran* if additional ADA violations are discovered in discovery or at the Joint Site Inspection generally ordered in Northern District of California cases.

### FIRST CAUSE OF ACTION
(Violation of Title III the Americans with Disabilities Act)

21. Plaintiff incorporates all allegations heretofore set forth.

22. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

23. Defendant has discriminated against Plaintiff in that it has not provided Plaintiff equal choice among the room types at the hotel in violation of 42 U.S.C. §12182(b)(A)(iv) and the 1991 and 2010 Standards, as described above. Compliance with the requirements of the 1991 and 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant, as altering a non-accessible room to an accessible room is a simple endeavor that does not require structural construction.

24. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 1991 and 2010 Standards, as described above, is readily achievable by the Defendant due to the low costs of modifying a non-accessible room. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

25. Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the

1  ADA described above, and the relevant implementing regulations of the
2  ADA, in that Defendant took no action that was reasonably calculated to
3  ensure that its lodging rooms were equally distributed to disabled persons;
4  b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if
5  applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2)
6  and 28 CFR § 36.504(a) which directs Defendant to take all steps
7  necessary to bring its lodging rooms into full compliance with the
8  requirements set forth in the ADA, and its implementing regulations, so
9  that the lodging rooms are fully accessible to, and independently usable
10  by, disabled individuals, and which further directs that the Court shall
11  retain jurisdiction for a period to be determined after Defendant certifies
12  that its lodging rooms are fully in compliance with the relevant
13  requirements of the ADA to ensure that Defendant has adopted and is
14  following an institutional policy that will in fact cause Defendant to
15  remain fully in compliance with the law;
16  c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if
17  applicable, payment of costs of suit;
18  d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if
19  applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28
20  CFR § 36.505 and other principles of law and equity and in compliance
21  with the "prevailing party" and "material alteration" of the parties'
22  relationship doctrines; and,
23  e. Order closure of the Defendant's place of public accommodation until
24  Defendant has fully complied with the ADA; and
25  f. The provision of whatever other relief the Court deems just, equitable and
26  appropriate.

**SECOND CAUSE OF ACTION**
(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)

26. Plaintiff realleges all allegations heretofore set forth.

27. A violation of the ADA constitutes a violation of Unruh.

28. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

29. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

30. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

31. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00.

32. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

   b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its lodging rooms into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the lodging rooms are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its lodging rooms are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is

following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

    c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

    d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines; and,

    e. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

    f. For damages in an amount no less than $4,000.00; and

    g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 19th day of March, 2020.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 19th day of March, 2020.

_____
Theresa Brooke